The opinion of the Court was delivered by
Wardlaw, A. J.
The Act of 1788, (5 Stat. 50, §§ 10, 17, 12,) contemplates the annual collection of taxes, requires warrants for collection to be directed to constables, and by its twelfth section gives to taxes a preference over all “ securities and incumbrances whatsoever.” The case of Harth vs. Gibbs, (3 Rich. 316,) decided that no specific lien upon property, only a general indebtedness of the person liable to pay the tax, had been created; and by the Act of 1843, (11 Stat. 248, § 15,) taxes were made to constitute specific liens upon the property taxed “for one year from the time when the liability for the said taxes attached upon the owner,” under which each parcel of such property may be levied within the period aforesaid and sold for satisfaction of the taxes thereon, notwithstanding any alienation of the same by the owner after the liability for the said taxes attached, the proceeds of sale being applicable to such taxes on the property sold “ prior to and in preference of all judgments, mortgages, pledges, debts, or other liens on the same; but nothing herein contained shall be construed to affect or impair the oi’dinary general lien of executions for taxes duly lodged in the office of any sheriff.” This provision, whatever may be its further effect, certainly serves to guard the rights of the State against transfers made between the first day of October, [first day of January after the tax act, by Act of 1866,] (13 Stat. 395,) and the *360 lodgment of execution. No Act of the Legislature has directly given to warrants for collection of taxes the binding efficacy of a fieri facias lodged in the sheriff’s office for enforcement of a judgment, but since 1799 (5 Stat. 373, § 17; 1803, 5 Stat. 455, § 14; See note 14 Rich. 271-6) they have been called “executions” and lodged in the sheriff’s office, and frequently the terms used by the Legislature, as in the Acts of 1799, 1803, and 1843, show an understanding that such binding efficacy existed. Indeed, in the confused condition of the law about taxes, it has more than once happened that a mistaken opinion, proceeding perhaps from some public officer, has grown up and prevailed, until it was corrected by appeal to the Courts, as for instance in respect to a lien upon property in the hands of a purchaser, corrected in the case of Harth vs. Gibbs.
Reference has thus been made to the laws concerning taxes imposed by the Legislature, because in Charleston the city taxes so often equal or exceed those of the State, and by the city ordinances the regulations concerning the collection of city taxes have been in general so assimulated to those which relate to the State taxes, that it has been supposed that the State legislation on the subject, without special reference to the city, applied to the city taxes and supplied the deficiencies in the city ordinances. But the Act of 1783, (5 Stat. 98, § 4,) which is called the charter of the city of Charleston, and which alone defines the power of the city council with regard to taxes, authorizes necessary assessments and leaves all details, as to collection and the like, to be regulated by rules and ordinances and by laws, not even, as in the case of Moultriville, referring to the laws “for the collection and payment of the general State tax.” Accordingly, the city council has by ordinances provided a tax system for itself, which in 1844, (City Ordinances, 276,) seems to have been amended and *361 modified. In this there is no general preference given to city taxes, as by the twelfth section of the Act of 1788 was given to State taxes, nor any express provision that an execution for taxes shall have any lien, although by the tenth section, which is copied from the fifteenth section of the Act of 1848, above cited, the mere imposition of a tax without any execution creates a specific lien upon property for a year; and a general lien of a tax execution duly lodged is implied to exist as of-an ordinary execution. What is this general lien ? Of an ordinary execution it is a lien upon the property of the defendant in execution, beginning when the execution is lodged and subject to all prior liens. The priority which, according to the case of Butler vs. Baily, (2 Bay, 244,) the necessities of government require, the case of Harth vs. Gibbs, the Act of 1843, and the Ordinance of 1844, show must be sustained by legislative enactments, that is in respect to city taxes by an ordinance of council. The Ordinance of 1844, as the Act of 1843, contemplated collection of taxes within the year; but although the executions which authorize levy, sale, and imprisonment, may be executed after the year, the special lien and priority which the tenth section of the ordinance gives, cannot be extended beyond the limit which it prescribes.
In the case before us, under liens which preceded the liability for taxes, sales were made after the expiration of the year from the time when the liability for the last tax attached, and it appears to the Court that the prohibitions were properly ordered.
The motions are dismissed.
DuNKiN, C. J., and Glovjse, A. J., concurred.

Motion dismissed.